UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rene Tellier,

            Petitioner,

–v–

United States of America,

            Respondent.

92-cr-869 (AJN)
19-cv-11262 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Petitioner Rene Tellier filed a motion pursuant to 28 U.S.C. § 2255 for the Court to vacate certain of his convictions and sentences, and conduct resentencing. For the reasons that follow, that motion is GRANTED IN PART and DENIED IN PART.

**I.    BACKGROUND**

    Petitioner Rene Tellier was indicted in 1992 along with two of his brothers for their participation in a criminal organization that operated in the tri-state area. Dkt. No. 1.[1] Petitioner was charged with one count of conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. 1962, and one count of violating RICO, for which the underlying predicates included murder, robbery, bribery, and conspiracy to distribute cocaine and marijuana. Dkt. No. 471. Petitioner was also charged with two counts of conspiracy to commit Hobbs Act Robbery and two counts of possessing a firearm in during and in relation to a crime of violence under 18 U.S.C. § 924(c), which were predicated on the Hobbs Act Robbery conspiracy counts. *Id.* Lastly, Petitioner was charged with one count of traveling across state

---

[1] All references to the docket are to Case No. 92-cr-869 unless otherwise stated.

1

lines with intent to commit murder. *Id.* On March 3, 1994, Petitioner was found guilty on all counts after a lengthy jury trial. *Id.* Petitioner was given a sentence of life for each RICO count, and an additional twenty-five years for the remaining counts. *Id.*

Petitioner appealed his convictions to the Second Circuit, which affirmed by summary order on May 10, 1996. *See United States v. Tellier*, 83 F.3d 578 (2d Cir. 1996). On October 19, 1997, Tellier filed a habeas petition under 18 U.S.C. § 2255 on the grounds of ineffective assistance of counsel and prosecutorial misconduct. Dkt. No. 472. Following a series of amendments to the petition, the Court eventually denied the petition on September 21, 2006. Dkt. No. 395.

On November 5, 2019, the Second Circuit granted Petitioner's request for leave to file a second or successive habeas petition in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 231 (2019). Dkt. No. 420. Petitioner then filed the instant § 2255 motion in this Court, arguing that his § 924(c) convictions can no longer stand after *Davis*. Dkt. No. 426. Petitioner then requested leave to amend his petition in order to adopt arguments that his brother and co-defendant Robin Tellier made in his § 2255 motion, which was also pending before the Court. Dkt. No 435. The Court granted that request, *id.*, and also granted Petitioner's motion for the appointment of counsel, Dkt. No. 454. Petitioner filed an amended petition and supplemental memorandum, Dkt. Nos. 459, 471, in which he makes substantively identical arguments to those in Robin Tellier's petition. Petitioner's petition is now fully briefed. *Id.*

## II. DISCUSSION

Section 2255 provides that a prisoner in custody of a federal court may petition the court which imposed the sentence to "vacate, set aside or correct the sentence" on the grounds that it "was imposed in violation of the Constitution or laws of the United States, or that the court was

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Petitioner moves pursuant to 28 U.S.C. § 2255 for the Court to vacate his § 924(c) convictions in light of the Supreme Court's decision in *Davis v. United States*, 139 S. Ct. 231 (2019).  Petitioner also moves for the Court to vacate his RICO sentences, which he argues were imposed "in the excess of the maximum authorized by law" and violated the Ex Post Facto clause, or at the least conduct *de novo* resentencing for all counts, taking into account these issues and Petitioner's rehabilitative efforts.

These arguments are substantively identical to those made in support of the § 2255 petition of Robin Tellier, Petitioner's co-defendant and brother, who was convicted of the same two RICO counts as Petitioner and was also convicted of § 924(c) counts that were predicated on Hobbs Act Robbery conspiracy.  *See* Case No. 92-cr-826-1, Dkt. No. 460.  In Petitioner's brief, Petitioner's counsel incorporates by reference the arguments made in Robin Tellier's petition and notes that they are "identical." *See* Dkt. No. 471 at 5-6.  On October 5, 2021, the Court issued a Memorandum Opinion & Order granting in part and denying in part Robin Tellier's § 2255 petition.  Dkt. No. 483.

Because Petitioner's convictions and arguments are identical to Robin Tellier's, the Court reaches the same result here for substantially similar reasons.  The Court will summarize them briefly below.

Petitioner's § 924(c) convictions are predicated on Hobbs Act Robbery conspiracy convictions, which no longer qualify as a "crime of violence" under § 924(c) after the Supreme Court's decision in *Davis v. United States,* 139 S. Ct. 231 (2019).  *See United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019).  Those convictions therefore must be vacated.

The Court will not consider Petitioner's challenges to his RICO sentences, however, because they are procedurally barred for three reasons. First, as the Court explained in denying Robin Tellier's RICO challenges, claims brought as part of a second or successive habeas petition must satisfy the requirements of § 2255(h). Case No. 92-869-1, Dkt. No. 483. As Petitioner does not contest, his challenges to his RICO sentences do not. Second, Petitioner's RICO related claims are untimely under the one-year statue of limitations in 28 U.S.C. § 2255(f). Petitioner claims that he is subject to the equitable exception for those who assert that they are "actually innocent" because he is "actually innocent" of his sentence, which he claims was imposed in violation of the *Ex Post Facto* clause. This argument, which Robin Tellier also made, is incorrect for the reasons stated in the Court's Memorandum Opinion & Order, namely that actual innocence means "factual innocence" and Petitioner does not claim that he is actually innocent of any conduct on which his convictions or sentences are based. Case No. 92-869-1, Dkt. No. 483. To the contrary, like Robin Tellier, Petitioner admits he is "undisputedly guilty of violating RICO." Dkt. No. 474 at 5. Third, Petitioner is procedurally defaulted from making his RICO-related claims because he has not shown cause and prejudice or actual innocence. *See United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). Petitioner adopts Robin Tellier's argument that a "fundamental miscarriage of justice" is an exception to procedural default and that this exception includes the imposition of a sentence in excess of the statutory maximum. However, as the Court explained in its Memorandum Opinion & Order, this argument is precluded by binding authority holding that "fundamental miscarriage of justice" means "actual innocence" in the habeas context and that a habeas petitioner therefore must demonstrate cause and prejudice or actual innocence to overcome procedural default. Case No. 92-869-1, Dkt. No.

4

483.  Therefore, for each of these three reasons, the Court will not consider the merits of Petitioner's RICO related claims.

The Court also denies Petitioner's request for the Court to conduct "de novo" resentencing on all counts.   As the Court explained in its Memorandum Opinion & Order in response to Robin Tellier's identical argument, section 2255 gives courts the power to vacate a conviction and conduct resentencing on another conviction where the sentences are "truly interdependent."  *United States v. Gordils*, 117 F.3d 99, 103 (2d Cir. 1997).  Under the law of this Circuit, a sentencing package is "truly interdependent" when inclusion of the subsequently vacated conviction affected the calculation of the Sentencing Guidelines range.  Case No. 92-869-1, Dkt. No. 483.  Like Robin Tellier, Petitioner does not claim that his RICO and § 924(c) sentences are interdependent in anyway.  Resentencing on the RICO counts is therefore inappropriate.  Instead, under these circumstances, it is appropriate for the Court to simply amend the judgment without resentencing.  *Id.*

Lastly, as Petitioner notes in his brief, the judgment in Petitioner's case contained numerous clerical errors.[2]  Dkt. No. 471 at 10 n.3.  Specifically, the judgment lists the counts of conviction incorrectly and lists the incorrect statutory provision for count seven.  Federal Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  Numbering the counts incorrectly and providing the incorrect statutory citation for the offense and the kind of clerical errors that can be corrected pursuant to Federal Rule of Criminal Procedure 36.  *See United States v. Jacques*, No. 20-1762, 2021 WL 3135985, at *4 (2d Cir. July

---

[2] Robin Tellier's judgment contained similar kinds of clerical errors.  Case No. 92-869-1, Dkt. No. 483.  The Court amended the judgment to correct those errors pursuant to Fed. R. Crim. P. 36. *Id.*

26, 2021). The Court will therefore correct these errors when amending the judgment. If either party has objections to the changes in the amendment, they must file those objections within two weeks.

### III. CONCLUSION

For the reasons stated above and in the Court's Memorandum Opinion & Order in the case of Robin Tellier, Case No. 92-cr869-1, Dkt. No. 483, Petitioner's § 2255 petition is GRANTED IN PART and DENIED in part. Petitioner's motion to vacate his § 924(c) conviction is granted, and his motion to vacate his RICO sentences or have the Court conduct *de novo* resentencing are denied. The Court will amend the judgment to remove the § 924(c) convictions and correct any clerical errors for the remaining counts. This resolves Dkt. Nos. 332, 331, 345, 358, 419, 426, 463, 455, and 459. The parties will have two weeks to file any objections to the corrections in the amended judgment.

Because Petitioner has not made a substantial showing of the denial of a constitutional right with regard to the portions of his § 2255 motion that were denied, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this order with regard to the petition would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 5, 2021
New York, New York

ALISON J. NATHAN
United States District Judge

6