**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- X
                                                                   :
UNITED STATES OF AMERICA,                                          :
                                                                   :
                                                                   :        92 Cr. 869 (LGS)
            -against-                                               :
                                                                   :        ORDER
RENE TELLIER,                                                       :
                                            Defendant.             :
                                                                   :
----------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant Rene Tellier, acting pro se, seeks relief under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(1)(A).  On March 3, 2023, the Government filed an omnibus response to both motions.  On March 22, 2023, Defendant filed a reply.  On April 25, 2023, Defendant filed notice of supplemental authority.  Defendant currently has an appeal pending in the Second Circuit.

WHEREAS, on January 30, 2023, Defendant filed a motion to appoint counsel.  On February 16, 2023, Mr. Florian Miedel filed a letter, on request of Defendant, asking that the Court appoint him as counsel -- should the motion be granted -- given his familiarity with Defendant's case.  Mr. Miedel "was appointed by Judge Nathan to represent Mr. Tellier on his previous § 2255 petition [and] currently represent[s] him on the appeal of Judge Nathan's denial of that petition."

WHEREAS, in the criminal context, the right to appointed counsel "extends to the first appeal of right, and no further."  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Courts have no obligation "to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief."  *Johnson v. Avery*, 393 U.S. 483, 488 (1969).  Rather, "the initial

burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." *Id.*

District courts do, however, have discretion to appoint counsel.  Section 2255(g) expressly provides that a district court "may appoint counsel," and that appointment of counsel is governed by 18 U.S.C. § 3006A.  Section 3006A(a)(2) provides that representation may be provided "for any financially eligible person" when "the interests of justice so require."  A similar standard applies for § 3582(c) motions.  *See United States v. Cirineo*, 372 F. App'x 178, 179 (2d Cir. 2010) (summary order) ("[T]he provision of counsel for [a motion under § 3582(c)] should rest in the discretion of the district court." (citing *United States v. Reddick*, 53 F.3d 462, 464-65 (2d Cir. 1995))); *accord United States v. Dussard*, No. 16 Crim. 673-2, 2020 WL 6263575, at *3 n.4 (S.D.N.Y. Oct. 23, 2020).

In determining whether the interests of justice require the appointment of counsel, district courts look to *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1985), a Second Circuit case articulating the factors that courts should consider in determining whether to appoint an attorney to represent an indigent civil litigant in an analogous context.  *See, e.g.*, *Toron v. United States*, 281 F. Supp. 2d 591, 593 (E.D.N.Y. 2003); *Harrison v. United States*, Nos. 6 Civ. 261S & 3 Crim. 114-001S, 2006 WL 1867929, at *1 (W.D.N.Y. June 30, 2006).  *Hodge* dictates that "[i]n deciding whether to appoint counsel, . . . the district judge should first determine whether the indigent's position seems likely to be of substance."  802 F.2d at 61.  "If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination."  *Id.* at 61-62.

2

WHEREAS, the Court has considered these factors and finds that appointment of counsel is warranted at this time.  Although Defendant does not have a right under the United States Constitution or any other federal law to the appointment of counsel at government expense to assist him in his § 2255 or § 3582(c)(1)(A) motions, the Court determines that, in light of the motions being "of substance" and the apparent complexity of issues involved, it is in the interests of justice to require the appointment of counsel.  It is hereby

**ORDERED** that Defendant's motion to appoint counsel is **GRANTED**.  The Court appoints Mr. Miedel -- who has significant knowledge of Defendant's case, including having represented him on a previous § 2255 motion -- for purposes of Defendant's current § 2255 and § 3582(c)(1)(A) motions.  It is further

**ORDERED** that, by **May 19, 2023**, Defendant shall file a letter stating whether he wishes to refile his § 2255 and/or § 3582(c)(1)(A) motions with the assistance of counsel.  If he chooses to do so, the pending motions will be denied without prejudice to renewal, and the parties will be directed to propose a renewed briefing schedule.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Defendant and to close the motion at Dkt. No. 530.

Dated: May 5, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3